THE AMERICAN OAK LEATHER CO. *vs.* THE EVANS BELL
AND CLARK CO.

May Term, 1897.

Present: ROSS, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Plea to the Jurisdiction.*

When there is no personal service upon the defendant and jurisdiction
depends upon the attachment, a plea to the jurisdiction which alleges
that the defendant had at the time of the attachment "no right, title or
interest in or to any of the attached property," is insufficient on
demurrer because it fails to negative the possibility that the property
may have been in the defendant's possession under circumstances which
would make it attachable as the defendant's, though not his in fact.

ASSUMPSIT. Plea to the jurisdiction. Demurrer to the
plea. Heard at the December Term, 1896, Caledonia
County, *Taft*, J., presiding. Demurrer overruled *pro forma*
and plea adjudged sufficient. The defendant excepted.

The defendant is a foreign corporation. The officer's
return showed service by attachment of seventy-six cases of
boots and shoes as the property of the defendant and a
copy of the writ with a list of the property attached left in
the hands of one H. A. Bartlett at the place where the
property was attached, "he having the care and custody of
the property and the defendant being without this State and
having no clerk or other principal officer or stockholder
resident of this State and no known agent or attorney
resident of this State with whom" said copy could be
left. The cause was duly entered and continued for notice
by publication, and the order of notice was complied with.

There was a special appearance for the purpose of the
plea only and a plea filed referring to the writ, declaration
and officer's return and alleging that no other service and no
other attachment had been made. Then followed the
averment "that the defendant had not at the time when

said attachment was made and has not since had any right, title or interest in or to any of the property attached in said cause."

*Harry Blodgett* for the plaintiff.

*W. P. Stafford* for the defendant.

MUNSON, J.    The dilatory plea in this case is treated by counsel on both sides as a plea to the jurisdiction.    It is not necessary to inquire as to its precise character, for it is defective in one particular, whatever its character.    It fails to exclude the possibility that the chattels were in the possession of the defendant under circumstances that made them attachable as its property.    They were so attachable if they had previously been the property of the defendant and had been sold to another without change of possession. The defendant might have parted with all its right, title and interest in and to the property, by a sale valid as between the parties, and still be held the owner for the purposes of attachment.    The plea does not present an issue which if disposed of upon traverse would be determinative of the question raised.    All the facts alleged might be true, and yet the attachment of the property give the court cognizance of the suit.

*Judgment reversed, demurrer sustained, plea adjudged insufficient, and cause remanded.*